Toomey, J.
The plaintiffs, Peter and Gaelen Canning (the “buyers”) have filed suit seeking specific performance of the defendants’ (“the sellers”) acceptance of their offer to purchase a certain residential property in Westport, Massachusetts. The sellers are the owners of equitable and legal title to the property in question. The sellers have filed a motion to dismiss or, alternatively, for summary judgment and the buyers have filed a cross-motion for summary judgment. For the reasons discussed below, both cross-motions for summary judgment are DENIED.
BACKGROUND
The following facts are undisputed for the purposes of the cross-motions.
On May 22, 1998, the buyers delivered a signed offer to purchase certain real estate located at 1103 Horseneck Road, Westport, Massachusetts. The sellers signed their acceptance of that offer on the same day. The offer to purchase included a number of provisions for future performance by each of the parties including a requirement that the parties execute a purchase and sale agreement by June 12, 1998.
On June 9, 1998, counsel for the sellers faxed a draft purchase and sale agreement (P&S) to counsel for the buyers. On the afternoon of June 12, 1998, counsel for the buyers contacted counsel for the sellers by telephone and asked about a price reduction of $23,000; buyers’ counsel also stated that he had not yet reviewed the draft purchase and sale agreement. On June 15, 1998, the sellers informed the buyers by fax that, with the passing of the June 12, 1998, deadline, the sellers considered the offer to purchase extinguished. On June 19, 1998, however, the buyers sent a signed copy of the sellers’ draft purchase and sale agreement to the sellers. Sellers responded that they considered the offer to have lapsed and refused to go forward with the deal. The buyers filed suit to enforce the terms of the offer to purchase as á binding contract and to compel the sellers to convey the property to them.
DISCUSSION
Summary judgment will be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party has the burden of affirmatively demonstrating that there is no genuine issue of material fact and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16, 17 (1989). The record supporting a moving party’s motion for summary judgment must be viewed in a light most favorable to the nonmoving party. Poirier v. Plymouth, 374 Mass. 206, 212 (1978).
The record before this court demonstrates that there remain certain factual disputes and conflicting inferences that may be drawn from accepted facts, both of which make summary judgment inappropriate. The following identification of fact friction is intended as illustrative of the present impropriety of summary judgment and is not meant to preclude the parties from addressing other issues of material fact as the suit progresses.[1]
The most obvious question of fact apparent in the summary judgment record is the understanding of the parties following a communication between their lawyers on the afternoon of Friday, June 12, 1998. On that date, the deadline specified for execution of the P&S in the Offer to Purchase, the respective counsel for the buyers and sellers spoke on the telephone. Buyers’ counsel stated that he had not reviewed the draft P&S, but planned to do so over the weekend; he also asked whether the sellers would consider a $23,000 reduction in the purchase price because an inspection report had calculated $46,000 in repairs necessary for the property. Sellers’ counsel responded that buyers’ counsel should not bother reviewing the P&S until sellers’ counsel had asked sellers about their willingness to abide a price reduction. There was no express discussion of an extension of the P&S deadline, although, as noted infra, an agreement to extend might well be inferred by the trier of fact.
The buyers’ June 12, 1228, inquiry into a price reduction of $23,000 might be viewed as a withdrawal of their offer to purchase the property or, on a more *491 basic level, might be seen as evidence that the parties were not firm on the fundamental elements of their initial agreement. Either perception might be fatal to the proposition that a contract continued to exist after the inquiry. Furthermore, the Offer to Purchase did contain a condition making the buyers’ agreement conditioned upon a satisfactory building inspection. The inspection report cited approximately $46,000 of improvements that ought to be made to the property prior to conveyance. The buyers used that report to inquire about a reduction in the purchase price. A trier of fact might well find that the inadequacies identified by the inspection report prompted a withdrawal by the buyers of the original offer, especially in view of the sellers’ omission to object to the price reduction inquiry, failure to seek to enforce the Offer to Purchase on its terms, and neglect to present a counteroffer containing new terms. Evidence regarding the buyers’ request for a price reduction and other contract modifications could also give rise to an inference that there was never a meeting of the minds by the parties as to the binding effect the Offer to Purchase. In sum, the ascertainment of the effect of the price reduction inquiry by the buyers will be important to the outcome of the suit, and that resolution must await the taking of evidence.
The buyers also argue that the sellers, by the conduct and words of their attorney, waived the June 12, 1998, deadline for executing a P&S. There is no dispute that the Offer to Purchase contained a provision that established an enforceable deadline for the parties’ execution of a P&S. McCarthy v. Tobin, 429 Mass. 84, 88 (1999). The Offer to Purchase also recited that “time is of the essence,” a commitment to which, after McCarthy, courts will hold the parties. That “time” provision lends particular force to the June 12, 1998, P&S deadline. Id. The execution of the P&S, therefore, might constitute a condition subsequent to the agreement entered on May 22, 1998, a condition that, if not satisfied, would end whatever obligations the parties had created. A question of fact as to whether or not the condition subsequent was waived by the sellers’ conduct is thus presented.
The buyers also argue that the sellers waived the June 12 deadline by failing to deliver a draft P&S until June 9 — thereby making it impracticable for the Can-nings and their attorney to review it prior to the P&S deadline — and by engaging in communications on the date of the deadline. The issue of waiver is ordinarily one for the fact finder unless the facts material to the issue of waiver are undisputed. The parties at bar each insist that the facts are undisputed, but each also disputes each other’s characterizations of .hose facts and the inferences to be drawn therefrom. Those disputes constitute genuine issues of material fact as to the issue of waiver and render summary judgment inappropriate.
ORDER
Based on the foregoing, it is hereby ORDERED that both cross-motions for summary judgment be DENIED.

 For example, this court will not now decide whether or not the “Offer to Purchase” signed on May 22, 1998 by the Cannings, as buyers, and Livingston and Kovel, as sellers, is a binding agreement to sell the Westport property. See McCarthy v. Tobin, 429 Mass. 84 (1999). The court does note, however, that the instant Offer to Purchase did not contain the fulcrum clause present in the McCarthy case, to wit, “NOTICE: This is a legal document that creates binding obligations . . .” Id. at 97-98.