Agnes, A.J.
After hearing, and based on a consideration of the affidavits and exhibits in this case, the plaintiffs motions for Lis Pendens and for a preliminary injunction are ALLOWED.
DISCUSSION
The parties signed an “Offer to Purchase Real Estate” that resembles the document which was deemed to be a binding agreement in McCarthy v. Tobin, 429 Mass. 84 (1999). See also Hunneman & Company v. Nigro, 2000 WL 12451 (BMC Appellate Div.) (1 /3/2000) (Somerville, J.). The terms are set forth on a standard, pre-printed form like the form that was considered in the McCarthy case. The offer to purchase was supplied by the defendant-buyers, one of whom is an attorney. It describes the property that is the subject of the sale by a specific street address. It sets forth a specific selling price and contains language above the signatures as follows: “This is a legal document that creates certain binding obligations. If not understood, consult an attorney.” Affidavit of Elizabeth Marshall, exhibit B. Contrast, Canning v. Livingstone, 10 Mass. L. Rptr. 490, 1999 WL 962080 (Mass.Super.Ct.) (9/9/1999) (Toomey, J.) *1 n. 1. The only “additional terms and conditions” set forth relate to the sellers obtaining building permits to permit construction on an adjacent lot (of which the lot to be conveyed was formerly a part), a satisfactory home inspection, and that sellers will make certain improvements in the basement, none of which are cited by the defendant-sellers as unfulfilled conditions that stand in the way of the sale of the property that is the subject of the offer sheet. The offer sheet also states, as in McCarthy, that the parties will “execute a standard Purchase and Sale Agreement prepared on any form which contains substantially the same provisions ...”
Defendants attempt to distinguish the McCarthy case on grounds that here the description of the property as “68 Woburn Street” in Andover is inadequate because, in fact, that address refers to two lots, only one of which was to be conveyed to the buyers while the other is to be retained by the sellers. However, based on the record before me at this stage of the case, it appears that throughout the course of dealings, the parties were in agreement as to the locus. In fact, there is evidence that the day before the offer was signed, the seller-defendants gave the plaintiffs a hand-drawn plot plan that clearly delineates the parcel to be conveyed as a distinct portion of what was previously known as 68 Woburn Street.
The sellers also seek to distinguish McCarthy on grounds that they had discussions with the broker for the plaintiff-buyers prior to the signing of the offer to purchase about a homeowners’ association that they wished the buyers to agree to participate in so that the costs of maintaining a private road would be shared by the parties, including the costs of snow removal and street lighting, and about a drainage easement. Even if it is assumed that discussions took place between the defendant-sellers and the broker for the plaintiff-buyers prior to the signing of the offer to purchase by the parties and that these discussions concerned subjects related to the sale of the property that could have been included as “additional terms” or “conditions” in the offer to purchase, and even if it is assumed that the plaintiff-buyers were aware of these discussions, the fact that no reference to such subjects was included in the offer to purchase which is otherwise an expression of a complete agreement between the parties suggests that these discussions amounted to nothing more than ongoing negotiations over terms that the parties were free to reach agreement on but that were not deemed by the parties as issues that had to be resolved before a binding agreement could be formed. See Foss Manufacturing Company v. Malden Mills Industries, Inc., 10 Mass. L. Rptr. 504, 1999 WL 818065 (Mass. Super. Ct. 5/24/99) (Whitehead, J.) (with reference to McCarthy, court observes that ”[i]f the intention of the parties can be adequately determined from looking at the document itself, we go no further. If there is an ambiguity, we look to evidence outside of the document to clarify the ambiguity and to further define the intent of the parties”).
Judge Kass put it well in Goren v. Royal Investments, Inc., 25 Mass.App.Ct. 137, 142 (1987), when he wrote for the Court that “(t]here is commercial utility to allowing persons to hug before they marry.” However, as he also points out in the Goren case, “a proviso of that sort should speak plainly, e.g., ‘The purpose of this document is to memorialize certain business points. The parties mutually acknowledge that their agreement is qualified and that they, therefore, contemplate the drafting and execution of a more *50 detailed agreement. They intend to be bound only by the execution of such an agreement and not by this preliminary document.’ ” Id. at 142-43. In a different way, this is precisely what the parties appear to have done in Beauregard v. Fogarty, 2000 WL 281962 (Mass. Super. Ct) (1/20/2000) (Botsford, J.), where the Court denied cross-motions for summary judgment in a case involving a written offer to purchase in which the selling broker had placed an asterik next to the handwritten purchase price in line 1 which referred to an entry on a lower line in the document which read as follows: “to be determined. Subject to meeting with builder . . . and reviewing a similar . . . home by 5/21/99.” The offer to purchase contained a second handwritten notation of the purchase price followed by a second asterik which referred to a second entry which read as follows: “contingent upon mutually satisfactory plans and price.” Id. at *1. Even though the signed offer to purchase in Beauregard contained printed language like that in McCarthy indicating it was a legal document that created certain-binding obligations, the Court concluded that the handwritten notations relating to the selling price established there was a material dispute of fact as to whether the parties had intended to be bound by the offer to purchase and that therefore “the case does not fit neatly into the footprint of McCarthy." Id. at *4.
The fact that parties have reached agreement for the sale of real property and memorialize their agreement in a signed offer form like the one involved in McCarthy and in this case does not preclude the parties from reaching additional agreements relating to the property that is the subject of the sale or with respect to the terms of the sale, and does not prevent the parties from agreeing to modify or even abrogate the terms of the original agreement. However, the mere fact that parties may discuss matters relating to the sale of real property but do not indicate in their otherwise complete, signed offer (when it is in the form of the offer signed by the parties in McCarthy and in this case) that they have not reached agreement on such matters and do not, therefore, intend to be bound by what they have signed, will not detract from the legally binding effect of such a signed agreement. Thus, in the wake of the McCarthy case, if the parties who sign standard form offers to purchase real estate do not intend to be bound by their agreement, they are advised to include some specific language in the offer form indicating that there is an important element or elements concerning which a final agreement has not yet been reached (e.g., selling price, description of the property to be conveyed, easements of one kind or another, etc.), and that they do not intend to be bound unless and until a purchase and sale agreement is signed.
Based on a consideration of the affidavits and the exhibits, I find and rule that the plaintiffs have demonstrated that they have a reasonable likelihood of success on the merits of this case and that they will suffer irreparable harm in the absence of injunctive relief, and that granting the relief requested does not pose a danger of irreparable harm to the defendants. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980).
ORDER
For the foregoing reasons, it is ORDERED AND ADJUDGED that upon payment to the clerk of the sum of $50.00 and the posting of an appropriate bond the defendants John and Julie McDonnell and each of them, along with their agents, assigns and any others acting on their behalf, are hereby ENJOINED and RESTRAINED and ordered not to list, place for sale, transfer, deed, convey, alienate or otherwise encumber or place any clouds on the title to the real property located at 68 Woburn Street in Andover, Massachusetts until further order of the court.