Tucker, Richard T., J.
These matters came on for hearing upon the Parties’ Cross Motions for Summary Judgment. After consideration of the memoranda, concise statements of facts, deposition transcripts, affidavits, other materials and the oral arguments of legal counsel for both parties, I find and order as follows.
Standards
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Claims and Relevant Facts
These cross motions for summary judgment arise out of an anticipated real estate transfer that, for the reasons stated below, never took place. The plaintiffs Kevin and Justine Sanborn, the buyers in the real estate transfer, seek in their complaint damages for breach of contract, breach of covenant of good faith, specific performance of a real estate agreement and violations of M.G.L.c. 93A. The defendant Evelyn E. Hirsch, Trustee of the Wee Nominee Trust, seeks in her counterclaim a declaratory judgment of the rights of the parties and seeks breach of con tract/specific enforcement of a settlement agreement.
The subject transaction was for the sale of residential premises located at 516 Main Street, Shrewsbury, Massachusetts. This residence had been listed in the multiple-listing services for the listing price of $399,000. The plaintiffs saw and liked the premises and offered the full listing price in a written offer to purchase (OTP) which they signed on June 30, 2007.
The OTP was on a standard form and contained as its opening statement that “THIS IS A LEGALLY BINDING DOCUMENT. IF YOU DO NOT UNDERSTAND IT, CONTACT YOUR ATTORNEY.” The OTP went on to describe the other terms of sale including the price, the date of delivery of possession and other customary terms. The OTP also included the following:
5. Sale is subject to BUYER obtaining a commitment for a conventional mortgage in the amount of $200,000 no later than 7/30/07. BUYER shall apply for financing within two days of acceptance of this offer.
9. Within 14 days after acceptance of this offer, SELLER and BUYER shall execute a Purchase and Sale Agreement, not as a formality, but as a complete expression of the parties’ intentions which, when executed, shall become the agreement between the parties.
The seller executed the OTP on July 1, 2007.
The parties thereafter through their counsel extended the date to sign the Purchase and Sale Agreement a number of times. It was finally agreed that the date for signing the Purchase and Sale Agreement would be on July 23, 2007 at or before 11:00 a.m. The parties dispute whether as of that date the buyers had obtained a $200,000 conventional mortgage financing *168 commitment as required by the OTP. The plaintiffs/buyers state that they had secured financing that they could have obtained at any time, however, they had continued to look for more favorable financing. The defendant/seller states that in any event, the plaintiffs had yet to indicate that they had received any commitment for financing as of the July 23 execution date. Further dispute exists as to whether or not the buyers executed the Purchase and Sale Agreement on or before 11:00 a.m. on the 23rd. The documents support that buyer signed the agreement on July 23rd, but that it was sent to counsel for the seller with the additional deposit by mail on July 24th.
A few days after these events, the defendant/seller indicated that she was no longer interested in selling the premises to the plaintiffs/buyers and that she in fact had signed documents for sale with the defendant-intervenor Paul T. Zekos. Thereafter this court entered a Preliminary Injunction ordering and enjoining the sale or transfer by the seller of the subject premises during the pendency of this lawsuit on September 18, 2007. Thereafter the defendant’s Motion for Enforcement of an Agreement purported to be a settlement agreement of the parties, was denied by this court on November 29, 2007.
At issue in the claims presented by both sides to this dispute is the question of whether or not the OTP constituted a binding and enforceable contract or whether the parties expressed an intent that they would be bound upon the execution of a more formal Purchase and Sale Agreement. This court is mindfiul of the decision of McCarthy v. Tobin, 429 Mass. 84 (1999). There, the Supreme Judicial Court held an Offer to Purchase executed by both parties to be a binding contract finding that “(i]f. . . the parties have agreed upon all material terms, it may be inferred that the purpose of a final document which the parties agreed to execute is to serve as a polished memorandum of an already binding contract.” Id. at 87 quoting Goren v. Royal Investments, Inc., 25 Mass.App.Ct. 137, 140 (1987); see also Marshall v. McDonnell, 2000 WL 1228 700 (Mass.Super. 2000) [12 Mass. L. Rptr. 49]. In both McCarthy and Marshall the court ruled that an Offer to Purchase could be a binding agreement between the parties and, analyzing the language of the OTP and the presence of the material terms necessary for a real estate transfer, both courts found in fact that the OTP in issue was the binding agreement between the parties. This court must determine in this case, however, the controlling factor of the intention of the parties. See Levenson v. L.N.I. Realty Corp., 31 Mass.App.Ct. 127, 130 (1991) (“the norm in real estate transactions has been that, where the parties sign a writing contemplating the later execution of a purchase and sale agreement, they do not intend to bound until that time”). See also Rosenfield v. United States Trust Co., 290 Mass. 210, 216 (1935).
The OTP in issue provides the material terms of the transfer; however, it is stated clearly that the parties “shall execute a Purchase and Sale Agreement, not as aformality, bat as a complete expression of the parties’ intentions which, when executed, shall become the agreement between the parties.” (Emphasis added.)
The intentions of the parties may be determined by their actions such as in Germagian v. Berrini, 60 Mass.App.Ct. 456, 460 (2004), in which it was found that the plaintiffs failure to commence actions relating to the terms of the OTP evidenced an intention not to be bound. Herein, the parties dispute whether the plaintiffs’/buyers’ seeking of extensions to the date in which the contemplated signing of the Purchase and Sale Agreement would be finalized indicates an understanding by the parties that their agreement would be bound only upon that signing. More relevant, however, is the language of the OTP as to the parties’ intentions. The McCarthy court instructed that if the parties did not intend to be bound by an OTP that they should employ language to that effect. McCarthy v. Tobin, supra at 87. Herein, the parties utilized language in paragraph 9 of the OTP that indicated that the signing of a Purchase and Sale Agreement by the parties was required and was not a mere “formality” but would “become the agreement between the parties.” A reasonable interpretation of that language might conclude that, in line with what McCarthy instructs parties to do, the parties indicated that they intended the Purchase and Sale Agreement to finalize the terms set out in the OTP and to bind their agreement upon its execution. In any event there appear to be genuine issues of material fact as to the intention of the parties in their execution of the OTP. Levinson v. L.N.I. Realty Corp., 311 Mass.App.Ct. 127, 130 (1991) (the controlling fact, however, is always the intention of the parties, and that will normally present a question of fact for the [factfinder]). Here, a determination of the facts at this stage is complicated by the alleged failure of the plaintiffs/buyers to respond to some forty-eight Requests for Admissions and an additional fifteen Requests to admit the genuineness of certain documents which were served upon plaintiffs’ prior counsel on October 18, 2007. Plaintiffs also have apparently failed to Answer or Reply to a counterclaim of defendant filed on February 13, 2008. Thus, at this point, the court is uncertain as to whether plaintiffs may raise any of the facts that they have raised in its Cross Motion for Summary Judgment and in its Opposition to Defendant’s Motion for Summary Judgment. A determination of this issue awaits further hearings on whether the plaintiff shall be allowed leave to file a reply or answer to the Counterclaim late as well as be allowed to file responses to the Request for Admissions late.
The Settlement Agreement Claim
Defendant claims that a settlement agreement was reached with the plaintiffs following the breakdown of *169 this real estate transaction. It is further alleged that the plaintiffs thereafter breached this settlement agreement by not performing thereafter. This claim is similar to the claim the defendant made in a motion entitled “Defendant Trustee’s Emergency Motion to Enforce Settlement Agreement.” This motion was denied after hearing upon the court’s finding that it could not be established at that point in the action that the parties had achieved a meeting of the minds on all of the material terms and conditions of a settlement. Therefore the motion was denied on December 4, 2007. Defendants claim that discovery has revealed additional facts, particularly through the deposition and exhibits entered at the deposition of plaintiffs’ prior attorney, George de Verges, Esq., that summary judgment upon the claim that this matter has been settled can be made for the defendants. The deposition transcript of Attorney de Verges, although supportive in some portions to defendant’s claim that a settlement agreement was concluded, also raises issues that rebut this position. Additionally, issues of credibility of Attorney de Verges and his memory of the matters in issue are for the jury to determine. Accordingly, I find that summary judgment for the defendants on this issue must be denied.
The Mass. G.L.c. 93A Issue
Defendants seek summary judgment on Plaintiffs’ claims that in failing to proceed with the sale of the subject premises and in the defendant’s subsequent attempts to sell the property to the Intervenor Paul T. Zekos, that the defendant has violated M.G.L.c. 93A. It is not specified in plaintiffs’ complaint whether plaintiffs allege that the violations of paragraph 9 of c. 93A (consumers provisions) or Section 11 (businessmen’s provisions) had been violated. As it does not appear that by any facts set forth in these motions that the plaintiffs were anything other than “consumers” of the residential property in issue and were not purchasing the same for any business reasons, I find that section 9, the Massachusetts Consumer Protection Act is in issue. However, such claims require that a demand notice be sent 30 days prior to any lawsuit being commenced. There is no evidence of such a notice having been sent. The plaintiffs in their Motion for Summary Judgment and in its Opposition to Defendant’s Cross Motion for Summary Judgment have not addressed the issues presented by its 93A Claim. This court finds that summary judgment should be granted in favor of the defendant on Plaintiffs’ Count alleging violations of c. 93A (paragraphs 11 and 12 of plaintiffs’ complaint), for essentially the reasons as set forth in Defendant’s Statement of Reasons in Opposition to Plaintiffs’ Cross Motion for Summary Judgment. See Lantner v. Carson, 374 Mass. 606, 608-12 (1978) (remedies set forth in M.G.L.c. 93A not applicable to the private sale of real estate).
ORDER
For the above stated reasons, the Cross Motions for Summary Judgment on the Parties’ Counts for breach of contract and specific performance are DENIED as there are genuine issues of material fact for determination by the jury; the Defendant’s Motion for Summary Judgment on the issue of the alleged settlement agreement is DENIED as there are genuine issues of material fact for determination by the jury and the Defendant’s Motion for Summary Judgment on Plaintiffs’ Claim of Violations of M.G.L.c. 93A is ALLOWED.