ADOPTION OF SEAN & another.[1]

No. 93-P-683.

Worcester. December 14, 1993. - March 21, 1994.

Present: ARMSTRONG, JACOBS, & PORADA, JJ.

*Minor*, Adoption. *Adoption*, Dispensing with parent's consent. *Parent and Child*, Dispensing with parent's consent to adoption. *Evidence*, Child custody proceeding, Hearsay, Report of licensed social worker, Expert opinion, Cumulative, State of mind, Sexual conduct. *Due Process of Law*, Child custody proceeding.

In a proceeding under G. L. c. 210, § 3, to dispense with parental consent to the adoption of two children, no prejudicial error arose from the judge's admission of portions of a guardian ad litem's report, which contained excerpts from reports made by various mental health professionals to the Department of Social Services concerning the children and their parents, where the guardian ad litem was available to testify at trial and the source of the material was sufficiently identified so that there was an opportunity for rebuttal of any adverse or erroneous material contained therein, and where, even if it be assumed that portions of the report contained expressions of opinion not admissible in evidence, the mother's objection did not identify these portions and, in any event, the objectional material was cumulative of evidence properly admitted [263-264]; nor did error appear in the admission of the guardian's notes which were appended to the report, where the source of the information was identified [264-265].

In a proceeding under G. L. c. 210, § 3, to dispense with parental consent to the adoption of two children, any error by the judge in admitting in evidence a portion of a guardian ad litem's report containing statements made by one of the children to a physician that her father sexually abused her was harmless, where the judge's finding of sexual abuse could have rested upon other evidence admitted without objection; in addition, any error by the judge in admitting testimony by the children's foster mother, a psychologist, and a social worker that one of the children told them he didn't want to see his parents was harmless, where the statements were properly admitted as expressions of the child's state of mind and, even if improperly used as substantive evidence, were supported by other evidence properly admitted. [265-266]

In a proceeding under G. L. c. 210, § 3, to dispense with parental consent to the adoption of two children, error by the judge in denying the fa-

[1]Clara. The names of the children are fictitious.

ther's motion to have his daughter appear as a witness for the ostensible purpose of refuting her statements that he had sexually abused her was harmless, where the judge stated that, in deciding whether sexual abuse had occurred she would consider the father's offer of proof that his daughter would now deny that he had abused her, together with the daughter's prior statements to third parties, which had been admitted in evidence, that her father had abused her; and where, in addition, the judge's determination of current parental unfitness did not rest solely on a finding of the father's abuse of his daughter. [266-267]

In a proceeding under G. L. c. 210, § 3, to dispense with parental consent to the adoption of two children, clear and convincing evidence supported the judge's finding that the children's parents were presently unfit to further the best interests of the children. [267]

PETITION filed in the Worcester Division of the Probate and Family Court Department on January 7, 1991.

The case was heard by *Arline S. Rotman*, J.

*Douglas C. Walker* for the mother.

*Margaret Clapp Winchester* for the father.

*Ann Balmelli O'Connor* for Department of Social Services.

*Amy E. Valletta* (*Warren M. Yanoff* with her) for the children.

PORADA, J. The mother and father of two minor children appeal from a decree of the Probate and Family Court dispensing with the need for their consent to the adoption of the children pursuant to G. L. c. 210, § 3. The mother claims that the judge erred in admitting in evidence portions of a guardian ad litem's report and that the judge's conclusion that the mother was unfit was not based on clear and convincing evidence. The father claims that the judge erred in refusing to permit him to call his daughter as a witness to rebut charges of sexual abuse by him and in admitting in evidence out of court statements of both children to prove the truth of their assertions. The father also claims the judge lacked clear and convincing evidence to establish his unfitness. We affirm the judgment.

We summarize the pertinent procedural history of this case. On May 26, 1987, the Department of Social Services (department) filed a petition in the District Court to adjudicate Sean, born on October 2, 1985, and Clara, born on Oc-

tober 17, 1986, in need of care and protection under G. L. c. 119, § 26. On July 31, 1987, the petition was allowed and custody of the children was awarded to the department. On January 7, 1991, the department filed this petition to dispense with the parents' consent to adoption of the children. The probate judge appointed a guardian ad litem to conduct an investigation relating to the custody of the children pursuant to G. L. c. 215, § 56A. After a five-day trial, the judge determined that the parents were presently unfit to further the best interests of the children. The judge based her determination upon the couple's history of neglect of the children, their inability to control and properly discipline the children, and their incapacity to understand and address the children's behavioral difficulties and special emotional needs. The judge also found that the father had sexually abused his daughter.

We now address the parents' claims of error.

1. *Admissibility of the guardian ad litem's report.* The mother filed a motion to strike certain portions of the guardian ad litem's report, which contained excerpts from reports made by various mental health professionals to the department concerning the children and their parents, on the grounds that the material (1) was hearsay, (2) stated opinions without qualifying the maker of the opinion as an expert, and (3) was an attempt to admit portions of documents that were not otherwise admissible. The judge ruled that nine out of the ten challenged excerpts were admissible because the source of the information was properly identified.

There was no error.

Guardian ad litem reports may properly contain hearsay information. *Jones* v. *Jones*, 349 Mass. 259, 264 (1965). They are analogous to investigator's reports pursuant to G. L. c. 119, § 24, which we have held admissible even when multiple level hearsay (and clinical evaluations) have been contained therein. *Custody of Michel*, 28 Mass. App. Ct. 260, 265-267 (1990). *Custody of Tracy*, 31 Mass. App. Ct. 481, 483-487 (1991). All that is required is that the guardian ad litem be available to testify at trial and that the source of the material be sufficiently identified so that the

affected party has an opportunity to rebut any adverse or erroneous material contained therein. *Gilmore* v. *Gilmore*, 369 Mass. 598, 604-605 (1976). *Adoption of Carla*, 416 Mass. 510, 514 (1993). *Custody of Michel*, 28 Mass. App. Ct. at 266 (1990). See *Custody of Tracy*, 31 Mass. App. Ct. at 484-487.

Although it is true that the challenged portions of the guardian ad litem report contained expressions of opinion of various mental health professionals, they also contained factual observations and information, which were admissible and entitled to such weight as the judge saw fit to give them. *Jones* v. *Jones*, 349 Mass. at 264. In lodging her objection, the mother failed to distinguish between those statements of opinion which she considered inadmissible and those statements of fact which were admissible. Consequently, even if we were to rule that the opinions expressed therein were inadmissible, the judge's denial of the motion would not be reversible error. See *Claffey* v. *Fenelon*, 263 Mass. 427, 433-434 (1928).

Further, even if we were to assume that the judge erred in failing to strike any portion of the material which contained expert opinions, we fail to see how the mother was prejudiced. Much of the material contained therein was cumulative of other evidence introduced in the case. Two of the nine excerpts objected to, in fact, were authored by an expert who testified to the same content at trial. Moreover, two of the challenged excerpts were not adverse to the mother. One dealt with her speech problems and the other suggested that she could function effectively as a parent with supportive services.

The mother also objected at trial to the inclusion of "Appendix A" in the guardian ad litem's report. "Appendix A" contained summaries of notes taken by the guardian from the department's case files. Those notes focused on the observations made by caseworkers of the interactions between the parents and children during parental visits and other information about the parents and the children. Because the guardian identified the source of the appendix as the depart-

ment's case file and in many instances named the supplier of the information, we do not consider its admission error. See *Gilmore* v. *Gilmore*, 369 Mass. at 604-605; *Custody of Tracy*, 31 Mass. App. Ct. at 484-486.

2. *Hearsay statements of the children.* At issue in this case was the admissibility in evidence of a portion of the guardian ad litem's report which contained statements made by the daughter to a physician that her father sexually abused her. Although the daughter never testified in this case, the judge made a finding that the daughter was abused by her father. As a result, the mother and father argue that the judge must have relied upon those statements for the truth of the matter and that because the child did not testify the judge could not rely on such statements without making certain required findings under G. L. c. 233, § 82. See *Adoption of Carla*, 416 Mass. 510, 514 & n.3 (1993). The parents, however, overlook the fact that the daughter's statements of sexual abuse were contained in the G. L. c. 51A report admitted as an exhibit and a summary of the c. 51A report contained in the guardian ad litem's report, to which no objections were lodged. Because the judge's finding of sexual abuse could have rested upon this evidence admitted without objection, we conclude that any error in using the daughter's statements to a physician set forth in the guardian ad litem report as proof that her father sexually abused her would be harmless.

The father also objected to testimony by the children's foster mother, a psychologist, and a social worker that the son told them he didn't want to visit with his parents or see them. These statements were properly admitted by the judge as expressions of the child's state of mind. *Adoption of Carla*, 416 Mass. at 513. The father contends, however, that the judge improperly used them as substantive evidence. See *Custody of Michel*, 28 Mass. App. Ct. at 267-268. In addition to these statements, however, there was other evidence introduced in the case concerning the son's fear of his parents and his wish not to see them to which there was no ob-

jection. In these circumstances, any error was harmless. *Adoption of Carla*, 416 Mass. at 514.

3. *Denial of request to call daughter as a witness*. At the outset of the trial, the father moved to have his daughter appear as a witness for the ostensible purpose of refuting her statements that he had sexually abused her. The judge denied the motion during the trial on the grounds that there might be a problem in declaring the child competent to testify and that the probative value of her testimony might be outweighed by the harm to the child. Before so ruling, the judge did not conduct a hearing to determine whether the child was competent or was unavailable to testify. This was error.

"[D]ue process and fundamental fairness require that a parent should have the opportunity to rebut the evidence against the parent." *Adoption of Carla*, 416 Mass. at 514. The judge's reliance upon the hearsay statements of the child contained in the guardian ad litem's report and the c. 51A report of sexual abuse by her father without conducting a hearing to determine the child's unavailability as a witness under G. L. c. 233, § 82, denied the father the opportunity to rebut effectively this evidence. See *id*. at 514.

We do not, however, deem the error prejudicial. Although the judge did not allow the motion, she stated that in deciding whether sexual abuse had occurred she would consider the father's offer of proof that his daughter would now deny that he had abused her, together with the daughter's prior statements to third parties, which had been admitted in evidence, that her father had abused her. In addition, the judge's determination of current parental unfitness did not rest solely on a finding of the father's abuse of his daughter. Compare *Custody of Eleanor*, 414 Mass. 795, 800-801 (1993). Her findings of unfitness rested primarily on the parents' failure in the past to provide adequate hygiene, diet, and living conditions for the children; the parents' inability to control and properly discipline the children; the parents' refusal to recognize their deficiencies and to accept services to improve their parental skills; and their incapacity to under-

stand and address the special behavioral difficulties and emotional needs of the children. In these circumstances, we deem the error harmless.

4. *Sufficiency of the evidence.* The parents claim that the judge's findings that they are currently unfit to further the best interests of the children are not based on clear and convincing evidence as required in a G. L. c. 210, § 3, proceeding. *Adoption of Mary*, 414 Mass. 705, 710 (1993). The judge's findings will not be disturbed unless clearly erroneous. *Id.* at 710-711.

Here, the judge made specific and detailed findings that focused on the personal qualities of the parents, the deficiencies in the home environment provided the children by the parents in the past, the children's special needs and expressed desire not to see their parents, the parents' inability to address or understand the children's needs and behavioral difficulties, and the resultant harm to the children if returned to their parents. See *Adoption of Diane*, 400 Mass. 196, 202-204 (1987). We are satisfied that there was ample support in the record for her findings and clear and convincing proof that the parents are currently unfit to further the best interests of the children. There was no error.

*Decree affirmed.*