JEFFREY GERMAGIAN vs. JAMES M. BERRINI & others.[1]

No. 02-P-324.

Worcester. September 10, 2003. - February 17, 2004.

Present: LENK, SMITH, & DUFFLY, JJ.

*Contract,* Specific performance, Performance and breach, Offer and acceptance, Validity. *Real Property,* Specific performance, Conveyance, Purchase and sale agreement.

In a civil action seeking specific performance of an offer to purchase commercial real estate and money damages for breach of contract and violations of G. L. c. 93A, §§ 2 and 11, the judge properly granted summary judgment in favor of the defendant, where, under the circumstances of the case, it was clear that the parties intended the offer to purchase to be merely a preliminary step and the purchase and sales agreement to serve as the binding contract, and therefore, the offer to purchase was not a valid, enforceable contract. [459-460]

CIVIL ACTION commenced in the Superior Court Department on December 29, 1997.

The case was heard by *Isaac Borenstein, J.,* on motions for summary judgment.

*Donald R. Pinto, Jr.,* for the plaintiff.

*Thomas L. McLaughlin* for David R. Consigli.

*Charles J. Brucato, Jr.,* for James M. Berrini.

*James L. Roberti* for John F. Silva & another.

SMITH, J. The plaintiff, Jeffrey Germagian, appeals from a judgment entered in the Superior Court granting the defendants' motions for summary judgment and dismissing the complaint.

*Facts.* The undisputed record before the motion judge, viewed in the light most favorable to the plaintiff, establishes the following material facts.

---

[1]John F. Silva and James M. Silva, trustees of Whitewood Realty Trust, and David R. Consigli.

In 1997, the defendant James Berrini owned a parcel of commercial real estate in Milford (property). Berrini listed the property for sale with a broker, the defendant David Consigli. In September of 1997, the plaintiff contacted Consigli and expressed an interest in purchasing the property. The plaintiff was an experienced real estate broker, having owned a real estate company since the mid-1970's.

On September 23, 1997, the plaintiff prepared and sent to Berrini a standard, preprinted offer to purchase form wherein he offered to purchase the property for $219,000 (offer). The offer called for a purchase and sale agreement to be executed by October 21, 1997, and indicated a closing date of "December 31, 1997 . . . or 30 days from the expiration of the appeal period." The appeal period referred to the period following necessary zoning approvals, as the offer was "[s]ubject to the following variances: Area, frontage, width and access to property from RT 85." It was also "[s]ubject to 50% of the purchase price in financing." The offer further provided that "[t]ime is of the essence hereof."

When Berrini returned the offer to the plaintiff two or three weeks after he received it, it contained his signature, and the words "on or before" had been added to the closing date. Berrini had initialed the addition; the plaintiff did not initial the change. The plaintiff knew that Berrini wanted to close the deal as soon as possible because Berrini was ill and "wanted to get rid of [the property]."

Although Berrini had signed and returned the offer to the plaintiff, the plaintiff did not begin the process of applying for a mortgage, variances, and a curb cut permit, because those "processes [would] cost thousands of dollars" and he was waiting for a signed purchase and sale agreement before he proceeded.

In mid-October, the plaintiff's attorney began discussions with Berrini's attorney and Consigli regarding a purchase and sale agreement. After it was clear that a purchase and sale agreement would not be executed by October 21, 1997 (the date specified in the offer), the parties negotiated beyond that date in an attempt to finalize such an agreement. Despite the plaintiff's

request, Berrini refused to extend the closing date to three months beyond December 31, 1997.

By early November, 1997, Berrini and the plaintiff still had not signed a purchase and sale agreement. Berrini believed the deal was "all over." Accordingly, he put the property back on the market. On November 10, 1997, the defendants John F. Silva and James M. Silva, as trustees of Whitewood Realty Trust, submitted an offer to buy the property for $180,000, with no contingencies. Berrini accepted the offer, and the sale of the property occurred on December 29, 1997, two days before the deadline contained in the plaintiff's offer.

On December 29, 1997, the plaintiff filed a complaint in Superior Court seeking specific performance of his offer and monetary damages against Berrini for breach of contract and violations of G. L. c. 93A, §§ 2 and 11. The plaintiff subsequently filed an amended complaint adding as defendants the Silvas, as trustees of Whitewood Realty Trust, and Consigli.

The parties filed cross motions for summary judgment. The judge below ruled that the offer constituted a valid, enforceable contract once Berrini had accepted it. He also ruled that the parties had agreed that time was of the essence and that the deadline was waived as to the date for execution of a purchase and sale agreement but not waived as to the closing date. The judge further ruled that Berrini did not violate the offer because as of the proposed date of the closing (December 31, 1997), the plaintiff was not able to perform because he had not sought financing or commenced the process of obtaining the variances and curb cut permit required by the offer.

The judge therefore concluded that Berrini was entitled to summary judgment on the counts seeking specific performance and breach of contract.[2] As a result of the judge's decision on the breach of contract count, he ruled that Berrini and Consigli did not violate G. L. c. 93A.

On appeal, the plaintiff claims that the judge erred in ruling that Berrini did not violate the offer because the plaintiff was not ready, willing, and able to meet the December 31, 1997,

---

[2]Although not so stated in the judge's memorandum, since the plaintiff did not prevail on his claim for specific performance against Berrini, it follows that his claim for specific performance against the Silvas also failed.

closing date. According to the plaintiff, the true closing date was "thirty days after the expiration of the appeal period," and therefore, the plaintiff was not required to be ready, willing, and able to close by the December 31 deadline.

*Analysis.* Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).[3] In our review of a motion for summary judgment, we are "confined to an examination of the materials before the court at the time the rulings were made." *Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 889 n.9 (1987), quoting from *Voutour* v. *Vitale*, 761 F.2d 812, 817 (1st Cir. 1985), cert. denied sub nom. *Saugus* v. *Voutour*, 474 U.S. 1100 (1986). "An order granting or denying summary judgment will be upheld if the trial judge ruled on undisputed material facts and his ruling was correct as a matter of law." *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 536 (1992). See *Unisys Fin. Corp.* v. *Allan R. Hackel Org., Inc.*, 42 Mass. App. Ct. 275, 280 (1997).

We have examined the materials before the judge, including the depositions of the plaintiff, Berrini, and Consigli. We agree with the result reached by the judge but on a different ground. See *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 551 (1966), quoting from Weidman v. Weidman, 274 Mass. 118, 125 (1931) ("A correct decision will be sustained even though the ground stated for it may be unsound"); *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991) ("We may consider any ground supporting the judgment"). Rather, we conclude that the offer was not a valid, enforceable contract and that the parties intended that the purchase and sale agreement would fill that role.

In *McCarthy* v. *Tobin*, 429 Mass. 84, 87 (1999), the Supreme

---

[3]Rule 56(c) was amended in 2002, subsequent to the trial court's decision in this case. According to the reporter's notes, "The amendment is merely of the housekeeping variety and no change in practice is intended." Reporter's Notes to Mass.R.Civ.P. 56(c), Mass. Gen. Laws. Ann., Rules of Civil Procedure, at 888-889 (Lexis Nexis 2003).

Judicial Court considered the question whether an offer to purchase agreement can constitute a valid enforceable contract. The court ruled that the intent of the parties controls, and if the parties agreed upon all of the essential terms of the transaction in an offer to purchase agreement, it reflected the parties' intention to be bound by that agreement. *Ibid.*

The language in the offer to purchase agreement at issue is similar to the language in the offer to purchase in *McCarthy* v. *Tobin.* However, there are important differences between that case and the case at bar. Here, the plaintiff's conduct after he received the signed offer back from Berrini demonstrates his intent with regard to the offer. Prior to the closing date, the plaintiff made no attempt to commence the processes leading to the financing of the purchase or obtaining the variances and curb cut permit described in the offer. In his deposition, the plaintiff stated that those processes cost "thousands of dollars," and that before he spent the money, he was expecting, and waiting for, a signed purchase and sale agreement. Thus, the plaintiff's conduct demonstrates that he did not intend that the offer be a binding contract — only the signed purchase and sale agreement would fill that role. Furthermore, Berrini's addition of the words "on or before" to the closing date contained in the offer, the clause stating that time was of the essence, and the plaintiff's subsequent request to extend the closing date by three months demonstrate that the parties did not, in fact, agree in the offer upon an essential term — the closing date.

Thus, it is clear from the record that the parties intended the offer to be merely a preliminary step and the purchase and sale agreement to serve as the binding contract. Therefore, the offer was not a valid, enforceable contract, and Berrini was free to sell the property to others. The judge properly granted summary judgment for the defendants.

*Judgment affirmed.*