R.S. *vs.* M.P.

No. 07-P-619.

Hampden. March 11, 2008. - October 9, 2008.

Present: LENK, GELINAS, & FECTEAU, JJ.[1]

*Practice, Civil,* Summary judgment. *Minor,* Visitation rights. *Divorce and Separation,* Visitation, Modification of judgment.

Discussion of the legal principles governing a probate judge's authority to modify an earlier judgment as to the care and custody of minor children. [802-803]

In summary judgment proceedings arising from a father's complaint for modification, in which the father sought an increase in visitation with his two minor children, the probate judge erred in dismissing the father's complaint based on the conclusion that the father could not demonstrate a material and substantial change in circumstances so as to require a modification of visitation, where the judge failed to consider the father's allegation that the mother had less time for the parties' two children due to her obligations to her younger children from her subsequent marriage, a reasonable inference from the evidence that required further exploration on remand. [803-806]

COMPLAINT for divorce filed in the Hampden Division of the Probate and Family Court Department on March 23, 1995.

A complaint for modification, filed on April 21, 2006, was heard by *David G. Sacks*, J., on a motion for summary judgment.

*Ann Wagner* for R.S.

*James M. Smith* for M.P.

GELINAS, J. R.S. (father), the former husband of M.P. (mother), appeals from a summary judgment of the Probate and Family Court dismissing his complaint for modification wherein he sought an increase in visitation with the two minor children of the parties' marriage. As we conclude that there are factual is-

---

[1] Justice Gelinas participated in the deliberation on this case and authored this opinion prior to his retirement.

sues in the case that require further exploration, we vacate the judgment and remand the matter to the Probate and Family Court for further proceedings consistent with this opinion.

The summary judgment materials reflect the following. Two children were born of the parties' marriage — one child on November 16, 1991, the other on October 10, 1993. By a judgment of divorce nisi dated August 24, 1999, the court ordered that the mother was to have physical custody of the children and that the father was to have "liberal and reasonable rights of visitation, including[,] without limitation," the schedule set forth in the margin.[2]

Following the divorce the parties skirmished repeatedly over visitation and custody issues. A complaint for modification filed by the father in October, 2000, seeking physical custody of the children, and a counterclaim filed by the mother requesting that the father's visitation with the children be reduced, were dismissed (with prejudice) after the parties agreed to mediate the issues raised by the pleadings. On a complaint for modification filed by the father in May, 2003, in which he sought to increase his visitation schedule with the children,[3] summary judgment was rendered for the mother on April 1, 2004. No appeal was taken by the husband from that judgment.

On April 21, 2006, the father filed the present complaint for modification alleging, as material and substantial changes in the

---

[2]The husband was to have the children every other weekend from Friday evening at 6:00 P.M. until Monday evening after dinner or until 7:30 P.M., providing he took Monday off from work; otherwise, the children were to be returned to the mother Sunday evening. If the father took a day other than Monday, he was to have "one overnight" during each week, which overnight was to coincide with his day off from work (i.e., if a Wednesday, then from Tuesday evening at 6:00 P.M. until Wednesday evening at 7:30 P.M.). The husband also was to have the children on an additional midweek overnight during every alternating week at times specified by the judgment. In addition, the judgment contained provisions for visitation with the children during vacations and on holidays.

[3]The father alleged numerous grounds in support of his complaint, including that the mother was ignoring the "liberal and reasonable" visitation provision of the judgment by denying him any visits with the children that were not contained in the divorce judgment's specific schedule of visitation times, that the children were now ages eleven and nine, respectively, and were capable of expressing their preferences as to spending additional time with the father, and that the mother had moved to a new town at a distance greater than the parties previously had lived from each other.

parties' circumstances since the divorce, that the mother had given birth to two children (one of whom was born in the past year) with her new husband and that for the first time in the history of his orthodontic practice, the father would be taking on an associate and would be reducing his work schedule to three days per week.[4] The mother filed her answer and a counterclaim seeking an increase in child support.

Thereafter the mother filed a motion for summary judgment or to dismiss the complaint for modification, supported by an affidavit of undisputed facts (which, in turn, incorporated as an exhibit a deposition of the father taken on October 17, 2006).[5] The mother argued that because no genuine issues of material fact

---

[4]The father also moved for appointment of a guardian ad litem (with authority to interview the parties' children) to investigate and make recommendations as to changes in the parenting schedule for the children. The mother opposed the motion, stating, inter alia, that she intended to conduct discovery to support the filing of a motion for summary judgment and that the appointment of a guardian ad litem should not take place until such time as discovery was completed and her motion for summary judgment was filed. By a case management order dated May 23, 2006, a schedule was established for the filing of any motion pursuant to Mass.R.Dom.Rel.P. 12 (1975) or Mass.R.Dom.Rel.P. 56 (1997), and the motion for an appointment of a guardian ad litem was "deferred." By order dated July 11, 2006, the motion for appointment of a guardian ad litem was again deferred. Although it is not clear from the docket, the father represents in his brief (and the mother does not dispute) that the motion for appointment of a guardian ad litem was denied. At all events, there is no indication in the record before us that a guardian ad litem was ever appointed in the matter.

[5]As to the father's allegation that he will have more time to devote to the parties' children, the father testified at his deposition that he had hired an associate on July 1, 2006, that his work schedule varies, and that he now works two to four full days a week. The father further testified, with respect to his allegation that the mother has less time to devote to the children, that both of the parties' children had informed him that the mother was devoting more time to her two young children by her present marriage, that the parties' older child had told him that the mother "doesn't do anything with him," and that the parties' younger child had told him on numerous occasions over the past two or three years (including 2006) that the mother "never plays with them." Continuing, the father testified that the younger child had complained to him a number of times in 2006 that the mother does not attend his baseball games. The husband stated that he attended about twenty of the younger child's twenty-five games and observed the mother in attendance on only two occasions. The husband also testified that except on those occasions when he "had" the younger child, the child was brought to and picked up from his games by a neighbor. Similarly, the father testified that although he went to most of the older child's lacrosse games, he saw the mother "maybe a couple times" at the games.

exist in the case, and because the father "can show no substantial and material change of circumstances" since the judgment dismissing his last complaint for modification on April 1, 2004, she was entitled to judgment as matter of law. The mother also argued that the complaint failed to state a claim for relief and, in addition, should be dismissed under principles of res judicata and collateral estoppel.

In his opposition to the mother's motion, the father, pointing to the mother's affidavit of undisputed facts (and particularly his own deposition testimony, see note 3, *supra*) as well as his affidavit of disputed facts,[6] argued, inter alia, that there are genuine issues of material fact in the case that must be resolved.

On December 11, 2006, a "judgment on motion for summary judgment" was issued dismissing the father's complaint for modification.[7] The judge set forth the following rationale for his decision:

> "This action is taken as there is no genuine issue of material fact and the [mother] is entitled to judgment as a matter of law. . . . The parties do not dispute the [father's] assertion that he has hired an associate, works fewer hours and could spend more time with the children. However, that circumstance does not rise to the level of substantial and material change in circumstances, as required by Chapter 208, Section 28, such that a modification is required in the best interest of the parties' minor children. The second prong of the [father's] complaint is an assertion that the [mother] is devoting less time and attention to their children since she has herself given birth to two more children. However, the sole record source for this assertion is hearsay statements of the children offered by the [father]. Mass.R.Dom.Rel.P. 56(e) requires: '[a]ffidavits shall be made on personal knowledge, shall set forth such facts as

---

[6]The father attached to his affidavit of disputed facts portions of the mother's deposition wherein she testified that she thinks that she spends as much time now with the parties' children as she did before she had her children by her new marriage. The mother also "contest[ed]" the father's allegation that he had more time to spend with the children.

[7]The docket entries also indicate that a judgment was issued that same date on a "complaint filed 9-13-06." We note that the mother's counterclaim was filed on September 13, 2006.

would be admissible in evidence . . .' As the material from the children is hearsay, it is neither the affiant's personal knowledge nor admissible in evidence."

The father has appealed.[8]

The principles governing summary judgments are set out in *J.F.* v. *J.F.*, *ante* 782, 789-792 (2008), and need not be rehearsed in detail. It is enough to say at this point that the mother, as the moving party, "must 'affirmatively demonstrat[e] that there is no genuine issue of material fact on every relevant issue, even if [she] would have no burden on an issue if the case were to go to trial.' " *Department of Rev.* v. *Mason M.*, 439 Mass. 665, 674 (2003), quoting from *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989). See *Kernan* v. *Morse*, 69 Mass. App. Ct. 378, 382 (2007). See also *Jupin* v. *Kask*, 447 Mass. 141, 146 (2006) (party moving for summary judgment "may prevail by showing that the non-moving party has no reasonable expectation of proving an essential element of his case at trial"). Again, all evidentiary inferences are to be resolved in favor of the party opposing the motion for summary judgment. *Nunez* v. *Carrabba's Italian Grill, Inc.*, 448 Mass. 170, 174 (2007).

General Laws c. 208, § 28, authorizes the court to "make a judgment modifying its earlier judgment as to the care and custody of the minor children of the parties provided that the

---

[8]The father was granted leave to file a supplemental appendix subject to possible future action by the panel designated to decide the appeal. The supplemental appendix consists of a "judgment of contempt and order appointing parenting coordinator" dated July 11, 2007. The purpose of the appointment of a coordinator was "to provide the parties with a convenient, expeditious and economical forum to help them to resolve decision making regarding their children"; it was not intended to supplant the Probate and Family Court's (or any other court's) jurisdiction over substantive custody or visitation matters. The order specifically authorizes the coordinator "to make decisions regarding visitation . . . and neither party may seek the intervention of the Court regarding these issues, except with regard to the pending Appeal on the dismissal of the [father's] Complaint for Modification, without having first sought and obtained a decision from the Parenting Coordinator." Although the father makes a cryptic reference in his reply brief to "his request for increased visitation" from the parenting coordinator, it is not entirely clear whether he has, in fact, made such a request or intends to do so in the future. Cf. *Braun* v. *Braun*, 68 Mass. App. Ct. 846, 853-854 (2007). The record does not indicate (and the parties do not argue) that the present appeal has been rendered moot.

court finds that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the children." See *Flaherty* v. *Flaherty*, 40 Mass. App. Ct. 289, 289 n.1 (1996) (to change visitation party must demonstrate that material and substantial change has occurred and that change in visitation would be in the best interests of the children). See also G. L. c. 209C, § 20 (with respect to children born out of wedlock, "no modification concerning custody or visitation shall be granted unless the court finds that a substantial change in the circumstances of the parties or the child has occurred and finds modification to be in the child's best interests"); *Custody of Kali*, 439 Mass. 834, 838 & n.6 (2003). The requirement of a change in circumstances is grounded in the interests of finality of judgments. See *Heistand* v. *Heistand*, 384 Mass. 20, 26 (1981); *Champion* v. *Champion*, 54 Mass. App. Ct. 215, 223 (2002).[9]

With these principles in mind we turn to the father's claims that the judge erroneously concluded that there was no record support for his allegation that the mother has less time for the parties' children due to the birth of her younger children, that the judge had alternatives to requiring the father to obtain affidavits of the children as a precondition to a consideration of the children's

---

[9]While acknowledging that he must demonstrate a material and substantial change in circumstances in order to prevail on his complaint for modification, the father asserts that "monumental change" should not be required for a change in visitation and points out that some States require a less substantial change in circumstances for a modification of visitation. See American Law Institute, Principles of the Law of Family Dissolution: Analysis and Recommendations § 2.16 & Reporter's Notes to comment d (2002). See also 2 Atkinson, Modern Child Custody Practice § 10-12 (2007). We note that requests for modification of visitation run the gamut from minor schedule adjustments to extensive changes in parenting time and the children's schedules. Each case must be decided on its own peculiar facts; the change in circumstances must be "of sufficient magnitude to satisfy the governing principle by which the court must be guided in these cases, namely, whether the [change in visitation] will be conducive to the welfare of the [children]." *Rosenthal* v. *Maney*, 51 Mass. App. Ct. 257, 262 (2001) (involving a transfer of custody and noting that "compelling reasons" are required before a child is "uprooted"), quoting from *Fuller* v. *Fuller*, 2 Mass. App. Ct. 372, 376 (1974). See *Heistand* v. *Heistand*, 384 Mass. at 26 ("[t]he determination of the extent and palpability of such change . . . lies in large measure within the discretion of the trial judge"). Accord *Champion* v. *Champion*, 54 Mass. App. Ct. at 223; *Downey* v. *Downey*, 55 Mass. App. Ct. 812, 815 (2002).

statements, and that further proceedings are necessary to resolve the various issues raised by his complaint.[10] In his "judgment on motion for summary judgment," the judge concluded, essentially, that the father could not demonstrate a material and substantial change in circumstances in this case so as to require a modification of visitation. In arriving at that conclusion, the judge did not consider the father's allegation that the mother has less time for the parties' two teenaged children due to her obligations to her younger children because, the judge stated, the *sole* record source for this assertion was the inadmissible hearsay statements of the parties' children. This statement is not correct.

It is undisputed that the mother has borne two children since the parties' divorce — most recently in 2005. It also appears to be undisputed that the mother is the children's sole full-time care giver. We think it is a reasonable inference from the foregoing, as the father asserted below, that the mother, as the sole care giver for a one year old and a three year old, has (at least somewhat) less time available for the parties' two teenaged children. In addition to this inference, there was deposition testimony, as we have discussed, based in large part on the father's personal observations, that the mother is devoting less time to certain of the children's activities. The mother, in contrast, testified in her deposition that she believed that she spent as much time with

---

[10]The father, through new counsel on appeal, also argues that the summary judgment must be reversed as the judge "wrongfully refused to consider the most recent alleged changes of circumstances in light of the totality of changes dating from the 1999 divorce judgment [including alleged statements of preference by the children, the fact that the mother had moved to a neighboring town, and the mother's alleged inflexibility in allowing 'liberal and reasonable' visitation], which is the last time [the father states] any court heard evidence and made a determination regarding visitation." We fail to discern error in this regard. The father's current complaint for modification is based on the recent changes in the availability of each parent, and the father's opposition to the mother's motion for summary judgment appears to use the April, 2004, judgment, which was entered on the father's previous complaint for modification, as the baseline from which to determine whether there has been a material and substantial change in circumstances in the present case. In the circumstances, the judge did not err in rendering his decision on the specific grounds alleged and argued by the father. See *Carey* v. *New England Organ Bank*, 446 Mass. 270, 285 (2006). (It is to be noted that the judge made reference in his judgment to the birth of the mother's two children by her new marriage, one of whom was born prior to the April, 2004, judgment.)

the parties' children as she did before the younger children were born.

It is also troubling in this case that the judge's resolution of the matter is grounded substantially on the fact that the children's statements to the father complaining of the mother's inattention were inadmissible hearsay, not based on the father's personal knowledge.[11] In cases such as the one before us, the noncustodial parent may not, and often cannot, have personal knowledge of what transpires in the custodial parent's home. Moreover, it may be impractical (or imprudent) for the noncustodial parent to seek to obtain affidavits from (or to depose) the children.[12] Cf. *Sher* v. *Desmond*, 70 Mass. App. Ct. 270, 281 (2007) (grandparent visitation). Such considerations support the view that it is often the better practice for the judge to appoint a guardian ad litem, with authority to interview the children, in order to investigate the matter of visitation (as the father in this case requested, by motion, and reiterated in his opposition to the mother's motion for summary judgment).[13]

As we indicated in *J.F.* v. *J.F.*, *supra* at 791, with respect to the modification of custody orders, and as we state now with respect to the modification of visitation orders, a judge must proceed with great caution in deciding whether summary judgment is appropriate. Here, further proceedings are necessary to "flesh out and more fully explore the facts" concerning the mother's availability for the parties' children in light of her new family obligations and the impact (if any) on the parties' children of

[11]Although the father asserts on appeal that the children's statements are admissible as evidence of their states of mind, his opposition to the mother's motion for summary judgment suggests that he was seeking to have the statements used as substantive evidence. See *Adoption of Carla*, 416 Mass. 510, 513-514 (1993); *Adoption of Sean*, 36 Mass. App. Ct. 261, 265 (1994).

[12]The father states that the judge, in essence, required him to obtain affidavits signed by the children as a precondition to consideration of the children's statements.

[13]We do not intimate that a judge must appoint a guardian ad litem in every case in which a modification of visitation is sought. The allegations and the evidence must be of sufficient import to warrant such an appointment.

We note that the father also stated in his opposition to the mother's motion for summary judgment that the children are now of sufficient age and maturity to express their preferences for visitation through the appointment of a guardian ad litem. As for in-chamber interviews with children, see *Abbott* v. *Virusso*, 68 Mass. App. Ct. 326, 336-338 (2007), *S.C.*, 450 Mass. 1031 (2008).

any possible inattention by the mother.[14] See *Gilchrist* v. *Commissioner of Correction*, 48 Mass. App. Ct. 60, 65 (1999). See also *Department of Rev.* v. *Mason M.*, 439 Mass. at 676; *Kernan* v. *Morse*, 69 Mass. App. Ct. at 383-384. The preferences of the parties' children should also be explored. Quite simply, the issues in this case, which may implicate the welfare of the children, are "too weighty to end the action at this early stage." *Gilchrist* v. *Commissioner of Correction*, 48 Mass. App. Ct. at 66.[15]

The "judgment on motion for summary judgment" regarding visitation is vacated and the matter is remanded to the Probate and Family Court for further proceedings consistent with this opinion.

*So ordered.*

---

[14]We do not rule out the possibility that a grant of summary judgment may be appropriate where the only evidence in support of a complaint for modification of visitation is that the custodial parent has remarried and has had additional children. In the present case, however, the father has proffered material, albeit inadmissible in summary judgment proceedings, that in addition to the wife's remarriage and having two additional children, the parties' children, respectively thirteen and almost fifteen years of age at the time of the father's deposition, had complained repeatedly of the mother's inattention.

[15]While we conclude that summary judgment should not have entered for the mother, we express no opinion whether the complaint for modification should be allowed.