## ADOPTION OF PARKER
### (and a companion case[1]).

No. 09-P-2106.

Middlesex. March 9, 2010. - September 9, 2010.

Present: DUFFLY, SMITH, & COHEN, JJ.

*Parent and Child,* Adoption, Dispensing with parent's consent to adoption. *Adoption,* Dispensing with parent's consent. *Due Process of Law,* Child custody proceeding. *Evidence,* Child custody proceeding.

In the circumstances of a proceeding on a petition to dispense with parental consent to adoption, in which a Juvenile Court judge received in evidence, at her own suggestion and without objection, offers of proof by counsel for the Department of Children and Families (department) and the mother (including expected cross-examination of the department's witnesses, and expected rebuttal of the mother's testimony), as well as a number of exhibits, and in which the judge issued a written memorandum of decision containing findings of fact that were based on the offers of proof at trial, as well as on testimony given by department witnesses at an earlier, temporary custody hearing, this court concluded that the unique procedure, coupled with due process concerns, gave rise to exceptional circumstances that required review of the issue raised by the mother for the first time on appeal [621-622], namely, that the procedure suggested by the judge and agreed to by the lawyers deprived the mother of the opportunity to be heard on the department's petition in a meaningful manner and required a new trial [622-623].

PETITION filed in the Middlesex County Division of the Juvenile Court Department on October 9, 2007.

The case was heard by *Gwendolyn R. Tyre,* J.

*Tracy D. Galloway* for the mother.

*Tori T. Kim,* Assistant Attorney General, for Department of Children and Families.

*Maria L. Rockwell* for the children.

SMITH, J. On October 9, 2007, the Department of Children and Families (department) filed a petition with Middlesex County Division of the Juvenile Court Department (Juvenile Court), alleging that the parents' two minor children were in need of

---

[1]Adoption of Mark. The childrens' names are pseudonyms.

care and protection. On the same date, the Juvenile Court judge issued a temporary order, transferring custody of the children to the department and ordering that a temporary custody hearing be held.

On October 11, 2007, a temporary custody, i.e., seventy-two hours, hearing was held, at which the mother testified. The father, who had outstanding warrants, was not present and did not make any subsequent appearances before the Juvenile Court. After the hearing, the judge ordered that custody of the children remain with the department. On April 14, 2008, the goal was changed to adoption.

On October 8, 2008, a trial was held on the department's petition. The mother was in the courthouse but refused to enter the courtroom to testify. The judge admitted fifteen exhibits in evidence, and then asked if the parties' attorneys were "interested at all in proceeding with offers of proof or not." The parties' attorneys stated that they did not object to that procedure. At the time of the judge's question, the department's social worker and adoption worker were present and could have testified as witnesses.

The contents of the offers of proof were as follows. The department first recited the testimony that it expected from Vanessa Jacques, a social worker for the department, who was assigned to the case in December of 2007. Jacques's expected testimony covered ten pages of the transcript. It included details of the mother's missed visits with the children, her frequent hospitalizations for substance abuse and mental health problems, positive urine screens for barbiturates, and failure to comply with the department's service plans. The department also offered the expected testimony of Ann Marie Bramo, a department adoption worker assigned to the case. Her expected testimony was relatively short and was mostly in regard to the background and qualifications of the adopted family.

At the conclusion of the department's offers of proof, the mother's attorney told the judge that she had several issues with Jacques's expected testimony. She stated that cross-examination of Jacques would have shown that it was not several visits with her children that the mother failed to confirm, but only one visit on October 22, 2007. Her cross-examination would have revealed that there were a total of thirty visits that actually took place, that at each and every visit the mother played games with the children,

and that the visits never had to be terminated for any reason. On cross-examination, Jacques would have testified that one of the children asked for his mother constantly. As to the domestic violence issue, the cross-examination would have shown that the mother indeed obtained a restraining order.

The mother's attorney then detailed the mother's expected direct testimony. The mother would have testified that she loved her children dearly and that she had completed detoxification programs at the various hospitals at which she had been a patient. The bond between her and one child was especially strong. After the mother's attorney rested, the department's attorney offered in rebuttal the expected testimony of Jacques, which it claimed would have contradicted some of the mother's expected testimony.

After both parties rested, the judge, without hearing arguments of counsel, issued decrees that adjudicated the children in need of care and protection, permanently committed them to the custody of the department, approved the plan of adoption for both children, and terminated the mother's and father's parental rights. On February 10, 2009, the judge filed a memorandum of decision. It contained 151 findings of fact, of which twenty were specifically based on the offers of proof by the attorneys. In addition, two of the judge's findings relied on testimony by department witnesses at the temporary custody hearing. The mother filed a timely notice of appeal.[2]

*Discussion.* On appeal, the mother objects to the judge's reliance on offers of proof by the attorneys, rather than testimonial evidence, especially where the evidence was disputed. She claims that the decree dispensing with her consent to adoption accordingly should be vacated because the judge's findings of fact lack a proper evidentiary foundation to warrant the entry of the decree. The mother also objects to the use of the testimony of the department witnesses given at the temporary custody hearing.

The department argues that we should not consider the issue raised by the mother on appeal because it was not raised in the trial court and no "exceptional circumstances" are present that would allow us to hear the mother's appeal. *Adoption of Gregory,* 434 Mass. 117, 129 (2001), quoting from *Adoption of Mary,* 414 Mass. 705, 712 (1993).

---

[2]The father did not appeal.

We recognize that there have been cases concerned with petitions to dispense with consent to adoption that included joint stipulations regarding uncontested facts, see *Adoption of Mary*, 414 Mass. at 706, 708 n.4, and on offers of proof as to the proposed cross-examinations of a witness, see *Adoption of Sean*, 36 Mass. App. Ct. 261, 266 (1994). In those decisions, however, oral evidence was also offered as to disputed facts.[3] We have not, however, been informed of any proceeding to dispense with the consent of the parents to adoption in which a judge, where facts were disputed, heard the matter entirely on documents and offers of proof from counsel with no oral testimony. Given the uniqueness of the procedure employed by the judge here, coupled with the fact that due process governs these matters (which we discuss later), we hold that exceptional circumstances are present. We are therefore prompted to review the issue raised by the mother on appeal.[4]

"Parents have a fundamental liberty interest in maintaining custody of their children, which is protected by the due process clause of the Fourteenth Amendment to the United States Constitution." *Care & Protection of Erin*, 443 Mass. 567, 570 (2005). "State action terminating a parent-child relationship must comport with due process, including notice and an opportunity to be heard at a meaningful time and *in a meaningful manner*" (emphasis added). *Adoption of Zev*, 73 Mass. App. Ct.

---

[3]We are aware of a care and protection proceeding where "[c]ounsel for the parties, by stipulation, submitted the case to the judge on the basis of the investigator's report, certain medical and clinical records, and other documents. No oral evidence was offered." *Care & Protection of Stephen*, 401 Mass. 144, 145 (1987). The court in that matter ruled that no exceptional circumstances were present for the court to review for the first time on appeal a claim of ineffective assistance of counsel. Nevertheless, we are not bound by the result achieved in a care and protection proceeding because in such a proceeding "the State does not endeavor to terminate all parental rights, and irrevocably dissolve the [biological] family as it does in a proceeding to dispense with consent to adoption." Ireland, Juvenile Law § 3.6 (2006). Further, in contrast to this matter, there did not appear to be any disputed facts on the main issue in *Care & Protection of Stephen, supra*.

[4]We note that the procedure adopted in this matter "did not violate the constitutional right to confront witnesses (see art. 12 of the Declaration of Rights of the Massachusetts Constitution) because this is a civil matter." *White* v. *White*, 40 Mass. App. Ct. 132, 141 (1996). See *Adoption of Arthur*, 34 Mass. App. Ct. 914, 915 (1993) (no "violation of the father's rights under the confrontation clause . . . because the proceedings were civil in nature").

905, 905 (2009). "[F]undamental fairness, as well as due process concerns, requires that a parent be given the opportunity effectively to rebut adverse allegations concerning his or her child-rearing capabilities." *Brantley* v. *Hampden Div. of the Probate and Family Ct. Dept.*, 457 Mass. 172, 185 (2010), quoting from *Duro* v. *Duro*, 392 Mass. 574, 580 (1984).

The resolution of disputed facts required the fact finder to determine questions of witness credibility. "[T]estimony in the presence of the [fact finder], 'permits the [fact finder] . . . to observe the demeanor of the witness in making his statement, thus aiding the [fact finder] in assessing [the witness's] credibility.' " *Commonwealth* v. *Bergstrom*, 402 Mass. 534, 548 (1988), quoting from *California* v. *Green*, 399 U.S. 149, 158 (1970). "Evaluating a witness's credibility is one of the most difficult tasks facing a trier of fact . . . [and] [p]ersonal observation of a witness aids immeasurably this process." *Commonwealth* v. *Bergstrom, supra.*

Thus, in light of the disputed facts in this case, considerations of due process and fundamental fairness required that the judge make findings based on her personal assessment of the credibility of the witnesses. The procedure suggested by the judge and agreed to by the lawyers deprived the mother of the opportunity to be heard on the department's petition in a meaningful manner.[5] There must be a new trial.[6]

*Decrees vacated.*

---

[5]The judge, in her findings of fact and conclusions of law, stated that she heard the matter on offers of proof because both "parties" had agreed to the procedure. The "parties" in this matter were the department and the mother. The department did agree to the procedure, but there is nothing in the record that demonstrates that the mother agreed to the procedure.

We are aware that the mother's attorney agreed to the procedure. In her appeal, the mother does not explicitly claim that her lawyer was constitutionally ineffective for agreeing to the procedure. We hold, however, that in these circumstances the mother's lawyer (and the department's attorney) should not have agreed to the procedure where there were disputed facts. We hasten to add that the lawyers for parties who participated in this appeal were not the trial lawyers.

[6]Because we have ordered a new trial, we do not need to discuss the mother's claim that the judge erred in considering testimony given at the temporary custody hearing.