ADOPTION OF ZEV.[1] No. 08-P-1024. January 12, 2009. *Parent and Child,* Care and protection of minor, Dispensing with parent's consent to adoption. *Due Process of Law,* Care and protection of minor, Adoption. *Adoption,* Dispensing with parent's consent.

In 2005, the Department of Children and Families[2] (department) commenced a petition alleging that Zev was in need of care and protection due to neglect by the mother and physical abuse by the mother's boyfriend. G. L. c. 119, § 24. In early 2006, the department filed a notice of intent to seek termination of the mother's parental rights. G. L. c. 119, § 26(4). G. L. c. 210, § 3. At a status conference on April 27, 2006, the mother did not appear in court, although her attorney was present. The department moved to strike the appearance of the mother's counsel — without any objection being interposed by the attorney — because of the mother's failure to respond to her attorney's attempts to contact her. The judge allowed the motion and struck the attorney's appearance, subject to reappointment if the mother appeared. The judge then ordered a pretrial conference to be held on August 4, 2006, and scheduled trial for September 11, 2006.

The mother failed to appear at the August 4, 2006, pretrial conference. Without any notice to the mother, the judge, sua sponte, converted the pretrial conference into a trial on the merits. Following that trial, the judge found the mother unfit and the child, Zev, in need of care and protection, committed Zev to the permanent custody of the department and terminated the mother's parental rights. The mother and Zev both filed motions for relief from judgment, pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828-829 (1974). The motions were denied, and this appeal, as well as the mother's and Zev's appeal from the decree, followed. We reverse the denial of the motions for relief from judgment, vacate the decree terminating the mother's rights, and remand for further proceedings.

"Parents have a fundamental liberty interest in maintaining a relationship with their children." *Care & Protection of Erin,* 443 Mass. 567, 570 (2005). *Adoption of Edmund,* 50 Mass. App. Ct. 526, 529 (2000). State action terminating a parent-child relationship must comport with due process, including notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Adoption of Hugh,* 35 Mass. App. Ct. 346, 347 (1993). Furthermore, "when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 350, quoting

---

[1]A pseudonym.

[2]Formerly the Department of Social Services.

from *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

During an April 27, 2006, status conference, counsel for the department stated that attempts to summons the mother were not availing either because the address was incorrect or the mother had moved. The judge ordered the department to give notice of a pretrial conference to be held on August 4, 2006, by publication and by special process server. The special process server was unable to locate the mother. A published notice of a pretrial conference, to be held on August 4, 2006, appeared in the Boston Herald newspaper for three consecutive weeks.[3]

As previously noted, the mother failed to appear for the scheduled pretrial conference on August 4. Also, as noted, the judge then converted the proceeding into a trial on the merits. The publication notice that a pretrial conference would be held on August 4, 2006, was insufficient to give the mother the notice that was due that a trial on the merits would be held on that date — a trial which resulted in termination of the mother's parental rights.

In sum, without adequate notice of the date of trial, the mother did not receive the due process to which she was constitutionally entitled.

Accordingly, we reverse the denials of the motions for relief from judgment and vacate the decree terminating the mother's parental rights. The case is remanded for further proceedings including an evidentiary hearing that addresses both the mother's and child's present circumstances.

*So ordered.*

*Daniel R. Katz* for the mother.

*George M. Earley* for the child.

*Julie B. Goldman*, Assistant Attorney General, for Department of Children and Families.


---

[3]The publication read as follows:

> "You are hereby ORDERED to appear in this court, at the court address set forth above on 08/04/06 at 9:00 a.m., for a PRE-TRIAL CONFERENCE."

The published notice referred to the possibility that,

> "[i]f you fail to appear, the court may proceed with a trial on the merits of the petition and an adjudication of this matter."

This reference does not remedy the due process defect because the notice defined August 4, 2006, as the date of a pretrial conference, and said nothing about the prospect that a trial might be held on the same day. Moreover, in prior proceedings, the scheduled trial date was announced to be September 11, 2006.

