Kathleen M. O'Neill (mother), the former wife of Carlos J. Hernandez-Castro (father), appeals from a judgment of the Probate and Family Court that reduced the father's weekly child support obligation from $200 to $125 following a pretrial hearing. We vacate the judgment and remand for further proceedings consistent with this memorandum and order.
Background. The parties were divorced in August of 2013, pursuant to a judgment of divorce nisi incorporating their separation agreement. The separation agreement provided that the mother would have primary physical custody of the parties' minor child and the father would pay $200 in weekly child support to the mother.
In November of 2015, the father filed a unified complaint for modification with motion for temporary orders (father's complaint) pursuant to Probate and Family Court Standing Order 3-11, requesting a reduction in child support.[2] The Probate and Family Court thereafter issued a summons and notice (summons) requiring the parties to appear on December 22, 2015, for a hearing on the father's complaint. The summons further provided that "the matter may, with the agreement of the parties, go to judgment." Following the hearing on December 22, 2015, the father's motion for temporary orders was denied without prejudice and the matter was consolidated with "all other matters for review/return on June 29, 2016."[3] The mother thereafter filed a counterclaim for modification (mother's counterclaim) seeking to modify the terms of the father's visitation with the child.
On June 29, 2016, the parties appeared for a pretrial conference on the father's complaint and the mother's counterclaim. The father was self-represented and the mother was represented by counsel. The mother's counsel submitted a pretrial conference memorandum reserving the right to conduct further discovery absent an agreement by the parties. The mother's counsel also informed the judge that the parties had been unable to reach an agreement regarding their respective requests for modification, and that they would "likely need to get a trial date." The judge proceeded to ask the father several questions about his living situation, his relationship with the child, and his current financial circumstances. The judge also asked the mother's counsel to specify the parenting plan changes sought by the mother, and her "position" on the child support issue. The judge then stated that she would "take a look at the child support piece" and would "take it under advisement," and further directed the parties to take a recess to resolve the parenting plan issues. The parties ultimately settled the parenting plan dispute later that day.[4] The judge then entered a judgment (modification judgment), dated June 29, 2016, on the father's complaint for modification, reducing his weekly child support obligation to $125, and ordering him to pay additional child support equivalent to thirty percent of any income or benefits he earned in excess of $20,000 per year.[5] The present appeal followed.
Discussion. The mother claims that the modification judgment was in error, because she did not receive adequate notice that the judge intended to treat the pretrial conference as a trial and was therefore deprived of due process. We agree.
"Due process fundamentally requires 'notice and the opportunity to be heard at a meaningful time and in a meaningful manner.' " Spenlinhauer v. Spencer Press, Inc., 81 Mass. App. Ct. 56, 65 (2011), quoting from Matter of Angela, 445 Mass. 55, 62 (2005). "Whether a case shall ... proceed to trial is within the sound discretion of the judge," Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 (1984) ; however, the parties must receive "adequate notice" of the trial to satisfy the requirements of due process. Adoption of Zev, 73 Mass. App. Ct. 905, 906 (2009). Here, the parties were not informed prior to the June 29, 2016, pretrial conference that the case was subject to immediate trial that day. Cf. Beninati, supra (proceeding to trial at pretrial conference not an abuse of discretion where pretrial notice advised that case was subject to immediate trial that day); Griffith v. Griffith, 24 Mass. App. Ct. 943, 944 (1987) (same). Moreover, once the parties appeared at the pretrial conference, the judge did not inform them that the case could go to judgment that day, nor did her conduct suggest that she was treating the pretrial conference as an evidentiary hearing.[6] To the extent that the judge might have relied on the language in the summons, which stated that "the matter may, with the agreement of the parties, go to judgment," the wife's counsel clearly indicated at the pretrial conference that the parties were not in agreement and likely required a trial.[7] Accordingly, under the circumstances, we cannot say that the mother was given the "opportunity to be heard" in a "meaningful manner" with respect to the father's request for a reduction in child support. Spenlinhauer, supra. Accordingly, the judgment must be vacated, and the matter remanded to the Probate and Family Court.
Conclusion. The modification judgment, dated June 29, 2016, reducing the father's weekly child support obligation to $125, is vacated, and the matter is remanded for further proceedings on the father's complaint for modification filed on November 6, 2015, consistent with this memorandum and order.[8]
So ordered.
Vacated and remanded.

In an effort to streamline the modification process, the Probate and Family Court implemented a "Modification Pilot Program for IV-D Cases" with procedures outlined in Standing Order 3-11. The "procedures apply to all IV-D cases filed in the Probate and Family Court ... that involve a request for modification of child and/or medical support only" and "do not apply to complaints for modification that seek a change in custody and/or visitation, nor can these procedures be used to address the issues of custody and/or visitation." Standing Order 3-11(A). "A unified, one-page form that combines a complaint for modification and motion for temporary orders for child or medical support only may be filed. The unified complaint and temporary motion form will be accompanied by a summons establishing a hearing date on the return day. The hearing date will be set by the Court when issuing the summons." Standing Order 3-11(B).

The father also filed six separate complaints for contempt in December of 2015; however, he later agreed to dismiss them.

The parties submitted a stipulation agreeing to certain changes to the parenting plan, which was incorporated into a judgment dated June 29, 2016.

The modification judgment was not accompanied by any findings of fact.

The judge characterized the proceeding as a "pretrial conference" and no witnesses or exhibits were presented.

Moreover, the summons pertained specifically to the hearing on December 22, 2015, and there was no equivalent language in the subsequent notice for the hearing on June 29, 2016.

The father's support obligation of $125 per week (in effect per the reduction ordered by the judge) shall remain in effect as a temporary order pending the further hearing and entry of judgment on remand.